IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
at Santa Fe, NM

FEB 2 8 2006

MATTHEW J. DYKMAN
CLERK

JERAMY MARTINEZ,

    Plaintiff,

vs.

Civ. No. 04-01047 MV/RHS

THEODORE CARR, a public employee with
the New Mexico Department of Public
Safety,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed June 27, 2005, **[Doc. No. 16]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion will be **DENIED**.

### BACKGROUND

On August 10, 2004, Plaintiff Jeramy Martinez ("Plaintiff") filed an action against Theodore Carr ("Defendant") in New Mexico state court asserting state tort and federal constitutional tort claims arising out of the arrest of Plaintiff on September 15, 2001. On September 17, 2004, the case was removed to this Court. The parties, on February 23, 2006, filed a Stipulated Order Dismissing Counts One and Two of the complaint. The sole remaining claim before this Court is Plaintiff's Fourth Amendment claim of unreasonable seizure, set forth in Count III of his complaint.

The following facts are either undisputed or, where disputed, construed in the light most favorable to plaintiff. On September 15, 2001, Plaintiff was attending the New Mexico State Fair. Compl. ¶ 3. At some point while he was at the fair, Plaintiff noticed several officers

walking in his direction. Pl.'s Aff. ¶ 3. Plaintiff recalls that one of the officers was staring at him as they walked by. Pl.'s Aff. ¶¶ 4-6. In his affidavit attached to his Response to Defendant's Motion for Summary Judgment, Plaintiff states that he believed Defendant was the officer who was staring at him. Pl.'s Aff. ¶ 4. However, within his Response, Plaintiff admits that he was mistaken as to "his belief that the same officer who initially spoke to him was the officer who charged him with a crime."[1] Pl.'s Resp. to Def's Mem. Supp. Summ J. 2. As the officer continued to stare at him, Plaintiff asked him "is there a problem." Pl.'s Aff. ¶ 8. Plaintiff contends that the situation then escalated and the officer began to direct profanities toward him. Pl.'s Aff. ¶¶ 8-11. Next, Plaintiff was grabbed by two officers who twisted his arms behind his back and escorted him to the detention center on the fairgrounds. Pl.'s Aff. ¶ 13.

Several minutes later, Plaintiff was approached by Defendant, who was bearing a citation and telling Plaintiff to sign it. Pl.'s Aff. ¶ 14; Def's Aff. ¶ 13. The citation charged Plaintiff with Resisting, Evading or Obstructing an Officer in violation of N.M.S.A. § 30-22-1 (1978) and, in the "Essential Facts" section, it alleged that Plaintiff had said "what the fuck are the police doing here?" Pl.'s Aff. ¶ 14; Def's Aff. ¶ 13. Plaintiff denies ever attempting to pull away from an officer, or otherwise resisting arrest. Pl.'s Aff. ¶¶ 34-36. Initially, Plaintiff refused to sign the citation, then acquiesced when Defendant told him he had two choices, either sign the ticket or go to jail. Pl.'s Aff. ¶¶ 16-18. Several officers then escorted Plaintiff off of the fairgrounds and told him that he was banned from returning. Pl.'s Aff. ¶¶ 19-20.[2]

---

[1] This inconsistency raises a credibility issue to be addressed by the fact finder at trial, not by the Court on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] Plaintiff also discusses the trouble he encountered while trying to appear in court as ordered by the citation. However, these facts are not relevant to this Court's opinion and, therefore, will not be addressed here.

2

## STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the nonmoving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). "Credibility determinations . . . are jury functions, not those of a judge . . . . The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie*, 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the court that there is an absence of evidence to support the nonmoving party's case, *Celotex*, 477 U.S. at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the non- moving party, there is

3

no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted). In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 322.

## DISCUSSION

A.  <u>Defendant's Mis-Identification Argument</u>

As a preliminary matter, Defendant argues that summary judgment is appropriate because Plaintiff was mistaken about the identity of Defendant. Plaintiff admits that he mis-identified Defendant; however, he contends that his claim should not fail simply because he did not, in his deposition, provide a correct physical description of Defendant.

Plaintiff, in his deposition, was clearly confused about the physical identification of Defendant. Plaintiff described Defendant as being between five foot four and five foot seven; having short black hair and a mustache; looking possibly Hispanic or Italian; and wearing a dark uniform with "gang unit," or something of that nature, written on the back of it. It is undisputed that Defendant is, in fact, five-feet eleven-inches tall, is a dark-complexioned African-American male, does not have a mustache, and, while on duty on the night in question, was wearing a uniform with no writing on the back of it. It is understandable that the Plaintiff would be confused about the names and physical description of the officers involved in his arrest, especially since there were several officers involved in his detention and arrest at the fairgrounds.

Despite the confusion in Plaintiff's mind, the pleadings and affidavits before this Court designate specific facts showing there is a genuine issue for trial. It is undisputed that Defendant was present for some part of the of the conduct set forth in the original complaint. It is also

4

undisputed that, on the night in question, Defendant observed Plaintiff while he was detained and issued a citation to Plaintiff. Defendant's inability to properly remember the names and descriptions of the officers involved in his detention and arrest goes to the credibility of Plaintiff; as such, it is an issue for the fact finder at trial and is not an issue for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

B.   Plaintiff's Fourth Amendment Claim of Unreasonable Seizure

Without citation to any authority, Defendant argues that he could not be liable for an unlawful seizure of Plaintiff, because he was not present for the initial detention of Plaintiff. Although, in Plaintiff's own affidavit and pleadings, it is unclear when Defendant arrived at the scene of Plaintiff's detention, it is undisputed that Defendant is the officer who wrote the citation and issued the ultimatum to Plaintiff to either sign the citation or go to jail.

Plaintiff's Fourth Amendment claim is authorized by 42 U.S.C. § 1983. The Tenth Circuit has held that state tort elements provide a "starting point" for § 1983 claims; therefore, this Court begins its analysis by addressing the elements of the tort of false arrest under New Mexico law. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (stating that the common law elements of a tort provide the "'starting point' for the analysis of a § 1983 . . . claim . . . .")

In New Mexico, the tort of wrongful (or false) arrest consists of the arrest of a person without reasonable grounds or probable cause to believe that an offense has been committed. *See State v. Johnson*, 930 P.2d 1148, 1153 (N.M. 1996). One may be liable for false arrest if he participates in the "unlawful arrest, or procures or instigates the making of one without proper authority; but the defendant must have taken some active part in bringing about the unlawful arrest itself, by some affirmative direction, persuasion, request or voluntary participation."

5

PROSSER AND KEETON ON THE LAW OF TORTS § 11, p. 52 (W. Page Keeton, ed., 5th ed. 1984)(footnotes omitted). "The definition of arrest is 'to seize or take into custody by authority of the law.'" *State v. Solano*, 974 P.2d 156, 158 (N.M. Ct. App. 1998) (quoting Webster's New World Dictionary 76 (3d ed.1991)). The proper inquiry is not whether Defendant was present during the initial detention of Defendant; rather, the relevant question is whether Defendant seized Plaintiff unlawfully. In New Mexico, "The determination of a seizure has two discrete parts: (1) what were the circumstances surrounding the stop, including whether the officers used a show of authority; and (2) did the circumstances reach such a level of accosting and restraint that a reasonable person would have believed he or she was not free to leave? The first part is a factual inquiry . . . [and] [t]he second part is a legal inquiry." *State v. Jason L.*, 2 P.3d 856, 863 (N.M. 2000).

Even assuming, *arguendo*, that Defendant did not arrive on the scene until after the initial detention of Plaintiff, it is undisputed that when Defendant handed Plaintiff the citation, he told Plaintiff "that he had two choices: sign the citation or go to jail." The Court finds that, as a matter of law, a show of authority in these circumstances is such that a reasonable person would not have believed he was free to leave; therefore, Defendant's conduct constituted a seizure of Plaintiff.

Once the fact of a seizure is established, the next inquiry is whether such seizure was unlawful. We analyze the constitutionality of a warrantless arrest under the probable cause standard. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *United States v. Edwards*, 242 F.3d 928, 933 (10th Cir. 2001). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."

*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (quoting *Jones v. City & County of Denver*, 854 F.2d 1206, 1210 (10th Cir.1988).

In the present case, Defendant issued to Plaintiff a non-traffic citation for resisting, evading or obstructing an officer, pursuant to N.M.S.A. §30-22-1. Under New Mexico law, resisting, evading or obstructing an officer is a misdemeanor offense. N.M.S.A. §30-22-1 (2004). A misdemeanor arrest is unlawful when a police officer does not have reasonable grounds or probable cause to believe that an offense is being committed in his presence. *Boone v. State*, 731 P.2d 366 (N.M. 1986). "Reasonable grounds or probable cause exists when, at the moment the arrest was made the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." *State v. Johnson*, 930 P.2d 1148, 1153 (N.M. 1996). When the essential facts on which the issue of probable cause turns are not in dispute, the determination of whether those facts amount to probable cause is a question of law to be decided by the trial judge. *See Weststar Mortgage Corp. v. Jackson*, 61 P.3d 823, 832 (N.M. 2002).

Under N.M.S.A. § 30-22-1, the offense of resisting, evading or obstructing an officer consists of:

> A. knowingly obstructing, resisting or opposing any officer of this state or any other duly authorized person serving or attempting to serve or execute any process or any rule or order of any of the courts of this state or any other judicial writ or process;
> B. intentionally fleeing, attempting to evade or evading an officer of this state when the person committing the act of fleeing, attempting to evade or evasion has knowledge that the officer is attempting to apprehend or arrest him;
> C. willfully refusing to bring a vehicle to a stop when given a visual or audible signal to stop, whether by hand, voice, emergency light, flashing light, siren or other signal, by a uniformed officer in an appropriately marked police vehicle; or
> D. resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties.

N. M. S. A. 1978, § 30-22-1 (2004).

In his briefs, Defendant claims that he issued Plaintiff's citation based on his own personal observations of Plaintiff's behavior. In his affidavit in support of his Motion for Summary Judgment, Defendant gives the following description of Plaintiff's behavior: "The detainee made a movement with his other arm and Mounted Patrol Officer Grantham grabbed this arm and secured it in a wrist lock behind the detainee's back." Def's Aff. ¶ 9. Defendant does not contend that Plaintiff's arm movment in anyway suggested an attempt to resist, evade or obstruct the officers. Defendant merely describes "a movement with his arm." *Id.* These facts were not sufficient to warrant a prudent man in believing that Plaintiff had committed or was committing an offense.

Second, Defendant asserts that he should be able to rely upon the fact that other officers had already detained Plaintiff. This argument must fail for two reasons. First, under New Mexico law, a police officer may not make a warrantless misdemeanor arrest unless the offense is committed in the officer's presence. *State v. Warren,* 709 P.2d 194, 197 (1985). However, under the "police team qualification" doctrine, the "presence" requirement need not be met in certain circumstances limited circumstances. *Id.* at 199. These circumstances generally "fall into one of two categories: first, situations in which the police officer must call in assistance for such reasons as inherent danger or criminal flight and, second, situations involving cooperative police efforts." *Id.* In the present case, there is no indication that Defendant was called in because the other officers were in inherent danger or because Plaintiff was in flight. Also, there is no indication that the other officers and Defendant were involved in "cooperative police efforts" which involves "two or more officers . . . combining efforts in one investigation." There was no combined investigation into Plaintiff's conduct, in fact, according to Defendant's version of events, Plaintiff was already in custody when he arrived. Therefore, the police qualification

8

doctrine is not applicable in this case and Defendant had no lawful basis to make a warrantless misdemeanor arrest that was premised upon his observation that other officers had already detained Defendant.

Second, even if the "police team qualification" doctrine were applicable in this case, Defendant was not justified in relying upon his observation that other officers had detained Plaintiff while willfully ignoring other evidence that indicated that Plaintiff had not committed a crime. As previously discussed, "probable cause exists when, at the moment the arrest was made the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." *State v. Johnson*, 930 P.2d 1148, 1153 (N.M. 1996). The probable cause standard requires an officer to rely on all the facts and circumstances within his knowledge and does not allow an officer to disregard some facts within his knowledge.

It is obvious from reading the citation, which Defendant issued, that, aside from observing that Plaintiff was already detained when Defendant arrived on the scene, Defendant had also been apprised of the facts underlying the detention. Specifically, in the "Essential Facts" section of the citation, Defendant wrote that "Subject told us what the Fuck are the police doing here. Subject asked to leave - refused and escorted off the premises." Plaintiff denies directing any obscenities toward the police. However, even if he had directed obscenities toward the police, this would not have justified his arrest.

Resisting, evading or obstructing an officer, pursuant to NMSA § 30-22-1, "primarily consists of physical acts of resistance." *State v. Wade*, 667 P.2d 459, 460 (N.M. Ct. App.1983). However, subsection (d) of NMSA 30-22-1 also references "abuse", which includes speech, "since one of the primary meanings of the word is 'to attack or injure with words.'" *Id.*

9

(quotations omitted). "By using the word 'abusing' the Legislature has prohibited certain speech. This it may do so long as the statute does not offend the First and Fourteenth Amendments, *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), and Art. II, § 17 of [the] New Mexico Constitution." *Id.* In order to pass constitutional muster, the term "abusing speech" has been limited under § 30-22-1(D) to speech that can be called "fighting" words. *Id.* at 461. Fighting words are those that "tend to incite an immediate breach of the peace." *Id.*

The *Wade* court addressed what constituted "abusing speech" sufficient to uphold a conviction under NMSA § 30-22-1(d). In *Wade*, the defendant "screamed obscenities, waved his arms, and yelled at officers to 'get the hell out of the house.'" *Id.* at 462. The court held that Defendant's conduct did not amount to "fighting" words, particularly since they were "addressed to police officers, who are supposed to exercise restraint." *Id.* at 460-61.

Even if Plaintiff had directed an obscenity toward the police, the facts indicate that his alleged conduct did not constitute "fighting words" that would have justified his arrest. Defendant knew this at the time he seized Plaintiff and issued the citation, as evidenced by the fact that he references the use of abusive language in the citation. Defendant was not allowed to ignore the fact that the use of obscenities did not justify Plaintiff's arrest and rely solely upon his observation that Plaintiff was already detained by other officers. Under these circumstances, this Court finds as a matter of law that the seizure of Plaintiff was without probable cause.

A final issue to be addressed, is whether Defendant was sufficiently involved in the seizure to be held liable under 42 U.S.C.A. § 1983.

Under § 1983, Defendant must have been "personally involved" in the alleged constitutional deprivations to be liable for said violations. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). A police officer becomes "personally involved" for the purposes of § 1983

liability if he fails to intercede "when [his] fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000); *see also*, *Mick v. Brewer*, 76 F.3d 1127 (10th Cir. 1996) (§ 1983 claim for failure to intervene in use of excessive force); *Byrd v. Clark*, 783 F.2d 1002 (11th Cir.1986) (§ 1983 claim for failure to intervene in use of excessive force); *Webb v. Hiykel*, 713 F.2d 405 (8th Cir.1983) (§ 1983 claim for failure to intervene in use of excessive force); *Gagnon v. Ball*, 696 F.2d 17 (2d Cir.1982) (under § 1983, where police officer not only declined to intercede on arrestee's behalf but also assisted other police officer in detaining her, first officer's participation in unlawful arrest sufficed to render officer liable to arrestee); *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir.1982) (§ 1983 claim for failure to intervene in use of excessive force); *Byrd v. Brishke*, 466 F.2d 6, 10-11 (7th Cir.1972) (§ 1983 claim for failure to intervene in use of excessive force).

Defendant asserts that he cannot be held liable for the unlawful seizure of Plaintiff because he was not present for the initial seizure of Plaintiff. This Court finds that for the purposes of a claim under § 1983, Defendant, at a minimum, became "personally involved" in the alleged constitutional deprivations of Plaintiff when he handed Plaintiff the citation and told Plaintiff "that he had two choices: sign the citation or go to jail."

Based on these facts, Defendant is not entitled to judgment as a matter of law on the issue of Plaintiff's Fourth Amendment claim of unreasonable seizure.

C.   <u>Defendant's Prosecutorial Immunity Claim as to Plaintiff's Fourth Amendment Claim</u>

Defendant's claim of prosecutorial immunity is not justified. Officials are entitled to absolute immunity from § 1983 suits for activities within the scope of prosecutorial duties. *Roberts v. Kling*, 104 F.3d 316 (10th Cir. 1997) (*vacated*, on other grounds, 522 U.S. 1025 (1997), *aff'd*, 144 F.3d 710 (1998)). "The Supreme Court has defined the activities deserving of

11

immunity as those 'intimately associated with the judicial phase of the criminal process,' such as 'initiating a prosecution and . . . presenting the state's case.'" *Roberts*, 104 F.3d at 318 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976)). "'Although identifying those acts entitled to absolute immunity is not always easy, the determinative factor is 'advocacy' because that is the prosecutor's main function and the one most akin to his quasi-judicial role.'" *Roberts*, 104 F.3d at 319 (quoting *Spielman v. Hildebrand*, 873 F.2d 1377, 1382 (10th Cir. 1989). "In contrast, when an official acts in an administrative or investigative capacity, those activities are entitled to qualified immunity only." *Roberts*, 104 F.3d at 319.

Under New Mexico law, there is a distinct line "drawn between the authority invested in the State's law enforcement officers and that invested in the State's prosecutors." *State v. Sandoval*, 683 P.2d 516, 519 (N.M. Ct. App. 1984). Mere issuance of a citation does not amount to a full governmental commitment to prosecute. *Id.*

In this case, Defendant seized Plaintiff and issued a citation to him, which set forth the facts of the alleged offense. Detention and issuance of a citation does not constitute "advocacy" or initiation of prosecution. Rather, it reflects the results of a police officer's investigative duties, since the citation merely sets forth the offense charged and the supporting facts gathered in the course of the officer's investigation.

Moreover, even though Defendant contends that he could have served as prosecutor to the citation, he never did. In determining whether particular acts by government officials are eligible for absolute immunity, courts focus on the nature of the function performed. *See Malik v. Arapahoe County Dept. of Soc. Servs.*, 191 F.3d 1306, 1314 (10th Cir. 1999). The nature of a function that an officer could have performed, but did not perform, is irrelevant.

12

D.  <u>Defendant's Qualified Immunity Claim as to Plaintiff's Fourth Amendment Claim</u>

When a defendant raises a qualified immunity defense, an additional "two-part burden must be overcome by the plaintiff." *Phillips v. James*, 422 F.3d 1075, 1080 (10th Cir. 2005). First, Plaintiff must establish that the facts alleged taken in the light most favorable to the nonmoving party show the officer's conduct violated a constitutional right, and second, Plaintiff must demonstrate that the right was clearly established. *Id.* In other words, the court first must consider "this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). There is no necessity for further inquiry "[i]f no constitutional right would have been violated were the allegations established." *Id.* If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* A right is clearly established when "a reasonable official in the defendant's situation would have understood that his conduct violated that right." *Martinez v. Mafchir*, 35 F.3d 1486, 1490 (10th Cir.1994). A claim of qualified immunity presents a question of law about whether the officer's actions were objectively reasonable. *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir.1991).

If the plaintiff meets this two-part burden, the defendant "assumes the normal summary judgment burden of establishing that no material facts that would defeat his claim for qualified immunity remain in dispute." *Woodward v. City of Worland*, 977 F.2d 1392, 1396-97 (10th Cir.1992).

As set forth above, the facts alleged establish that Defendant's conduct violated the clearly established constitutional right to be free from unreasonable seizures. Moreover, as previously addressed, the facts and circumstances within Defendant's knowledge were not

13

sufficient to warrant a prudent person to conclude that Plaintiff had committed, was committing, or was about to commit a crime. Therefore, as a matter of law, a reasonable officer in Defendant's situation would have understood that there was not probable cause to arrest Defendant and violate his right to be free from unreasonable seizure. Therefore, Defendant's assertion of qualified immunity as to Plaintiff's Fourth Amendment claim must fail and summary judgment shall not be granted as to this claim.

## CONCLUSION

For the reasons stated above, **IT IS THEREFORE ORDERED** that Theodore Carr's Motion for Summary Judgment **[Doc. No. 16]** is hereby **DENIED**.

Dated this 28th day of February, 2006.

*/s/ Martha Vázquez*
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
   Joseph P. Kennedy, Esq.

Attorney for Defendant:
   Jerry A. Walz, Esq.